Wright, J.
This is a demurrer to an amended petition filed by Murphy, setting forth the following facts:
Murphy had recovered a judgment before a justice of the peace. Elowers became bail for stay of execution. Murphy brought suit on the undertaking for stay; but the amended petition fails to show an execution issued against the original judgment-debtor after the period of stay had elapsed. Hence the demurrer.
The amended petition further shows, that before the period of stay had elapsed, the justice, satisfied that the bail was insufficient, took proceeding under section 164, justices’ code. He notified the original judgment-debtor to give additional security, and this not being done, various executions were issued against him, all returned “ no goods.” It is claimed that these executions were all that were necessary to be issued, although issued before stay was out.
The proposition that these proceedings, and executions consequent thereon, operated to discharge the bail, as the Court of Common Pleas appear to have thought, in our judgment is not necessary to be considered. The simple ■question is, must the pleadings show issue of execution, after the period of stay elapsed, before an action can be maintained against the stay ?
The section of the justices’ code is as follows :
“ Section 172. When an execution shall be returned unsatisfied for want of goods and chattels, the justice shall,' unless otherwise directed by the party for whom the execution issued, commence an action on the undertaking for the stay of execution; and, so soon as judgment is obtained thereon, shall issue execution, and if such execution be returned unsatisfied in whole or in part, for want of goods .and chattels of the bail whereon to levy, then the plaintiff may demand and have execution on the original judgment for the amount remaining due.”
We understand this section simply to say, that when the •execution has been issued and returned unsatisfied, the notion against the stay may be begun. At what date, therefore, must the issue take place ?
*470 If there were none of these proceedings about additional! security in the case, obviously there could be no execution until the stay had expired. It is to prevent execution that the undertaking and bail is given. In an ordinary-case, therefore, the petition should make averment of execution after stay.
But in this case, when additional security was not given upon the demand of the justice, under section 164, several executions were issued, but all within the period of stay.
It is very ingeniously argued, that the executiou provided for in section 172, and which is the execution provided for, after the period of stay has elapsed, means any legal execution. That by proceedings under section 164, for additional security, if it is not given, an execution may issue, and therefore this is a legal execution, and so fills-the requisitions of section 172. We can not so regard it. These sections must, if possible, be so construed as that both shall stand. N ot that one shall overthrow the other. In fact the whole law must be so construed, as to make all parts consistent. Now, if the execution under section 164 be the one that is alone necessary, this consequence follows : A surety goes bail in an undertaking. By this he obtains the right that no execution to affect him shall be issued,, for the period of stay — in this case two hundred and forty days. The day after he has given this undertaking, the justice declares the bail insufficient and issues execution as he may. Then upon the construction claimed, proceedings-may be had at once, say in ten days, against the surety, two-hundred and thirty days before he has agreed to be liable. This can not be.
. It could not have been the intention of the law-making-power to cause the obligation of the surety to mature any sooner than he had agreed that it should. He contracts to-be liable at the end of the period of stay, if the original debtor does not pay by that time, and then he has a right to have an execution to make him pay. It is not sufficient to say that an execution has been issued before. Such execution the debtor may have been unable to pay, when he *471 might have paid one at the termination of the period of stay.
Section 69 of the act of March 14, 1831, entitled “An act defining the powers and duties of justices of the peace and constables in civil eases,” 29 Ohio L. 182, is in these words: “And when bail has been given for the stay of execution as aforesaid, and the period of stay has expired, execution shall, in the first instance, be awarded against the goods and chattels of the party against whom judgment was rendered; and if goods and chattels of the party can not be found sufficient to satisfy the execution, and that fact be returned by the constable, the justice shall, unless otherwise directed by the party for whom execution issued, or his agent, proceed by writ of scire facias against the bail.”
In the case of Burr v. Moody, Wright, 449, where the action was upon a recognizance for stay of execution on the judgment of a justice of the peace, the court held: “ The issuing of an execution against the debtor, after the stay is out, is expressly required by the statute before suit is brought against the bail.”
We think a similar construction should be given the present law, and therefore affirm the judgment.
Judgment of the District Court affirmed.
Scott, Chief Judge, Day, Johnson, and Ashburn, JJ., concurred.